John W. COON and Letha A. Coon, Appellants,

v.

Joseph P. TEASDALE, Governor, State of Missouri, John D. Ashcroft, Attorney General of Missouri, Jim Tom Reid, Charles J. Fraas, Jr., Joseph J. Mulvihill, James P. Aylward, Jr., Robert Garvey, Virgle Coon, Austin E. Van Buskirk, Joli John, Inc., a Missouri Corporation, Appellees.

No. 77–1274.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1977.

Decided Dec. 21, 1977.

---

1. Tin plate is not in a form, when transported, to be readily used by a packinghouse or canning factory.

George M. Bock, Kansas City, Mo., for appellant; Warren E. Slagle, Kansas City, Mo., on brief.

Russell D. Jacobson, Associate Counselor, Kansas City, Mo., Willard B. Bunch, County Counselor and Harry D. Penner, Counsel for Court Administrator, Kansas City, Mo., for appellees county officials.

William F. Arnet, Asst. Atty. Gen., Jefferson City, Mo., for appellees; John D. Ashcroft, Atty. Gen., J. Paul Allred, Jr., Asst. Atty. Gen., Jefferson City, Mo., on brief.

Before GIBSON, Chief Judge, VAN OOSTERHOUT, Senior Judge, and LAY, Circuit Judge.

PER CURIAM.

Plaintiffs appeal from the district court's dismissal of their complaint seeking injunctive relief to set aside the transfer of their real property at a tax foreclosure sale. Plaintiffs sought to enjoin the enforcement of Sections 141.210 through 141.810 of the Revised Statutes of Missouri[1] and further sought a declaration that the statutes violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution by providing for the taking of property without proper notice to the property owner. Defendants claimed notice by publication was sufficient. Jurisdiction was alleged under 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1343, 2201 and 2202.

The United States District Court for the Western District of Missouri, the Honorable Elmo B. Hunter presiding, sustained the defendants' motion to dismiss that part of plaintiffs' complaint seeking an injunction.[2] The district court based its ruling on 28 U.S.C. § 1341, which provides:

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law

1. Plaintiffs' prayer for relief and the opinion of the district court at times refer to Sections 140.210 to 140.810 of the Revised Statutes of Missouri, but it is clear the action was brought to challenge the validity of the Land Tax Collection Act, Mo.Rev.Stat. §§ 141.210–141.810.

2. The district court retained jurisdiction of the claims for declaratory relief and money damages. Although the issue is not before us, it is clear that when declaratory relief relates to a state statute affecting collection of state taxes the prohibition of § 1341 applies equally to limit the jurisdiction of the federal court. *See Lynch v. Household Finance Corp.*, 405 U.S.

where a plain, speedy and efficient remedy may be had in the courts of such State.

On appeal plaintiffs assert that § 1341 is inapplicable since Missouri law does not provide a "plain, speedy and efficient remedy" for the wrongs alleged. The challenged statutes provide a method of foreclosing tax delinquencies on real estate to establish marketable title free of tax liens. Plaintiffs claim that Missouri courts have upheld the constitutionality of these statutes in earlier cases and therefore plaintiffs' state court challenge would be futile. *See Spitcaufsky v. Hatten,* 353 Mo. 94, 182 S.W.2d 86 (1944) (en banc). *See also Wates v. Carnes,* 521 S.W.2d 389, 390 (Mo.1975); *Brasker v. Cirese,* 269 S.W.2d 62, 66–67 (Mo.1954) (en banc).

█ Notwithstanding this contention, we are compelled to affirm the district court's ruling that § 1341 provides a complete jurisdictional bar to plaintiffs' prayer for injunctive relief. The state statutes provide a method for collection of state taxes and clearly fall within the scope of 28 U.S.C. § 1341. Under these circumstances, a federal injunction is prohibited if there is an adequate state remedy, *Tully v. Griffin, Inc.,* 429 U.S. 68, 97 S.Ct. 219, 50 L.Ed.2d 227 (1976), and the mere allegation of unlikelihood of success in the state court does not render the state remedy inadequate for purposes of 28 U.S.C. § 1341. *See Non-Resident Taxpayers Ass'n v. Municipality of Philadelphia,* 478 F.2d 456, 458–59 (3d Cir. 1973); *Bland v. McHann,* 463 F.2d 21, 29 (5th Cir. 1972), *cert. denied,* 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 100 (1973).

We acknowledge that plaintiffs' allegations and argument, if true, present a blatant case of injustice. The requirement of

actual notice relating to the foreclosure sale of one's property, particularly relating to one's home, is fundamental to due process.[3] If these allegations are true, we are confident that under current decisions of the United States Supreme Court the Missouri courts will not ignore these contentions. Constitutional claims are as cognizable in state courts as in federal courts and as we have reaffirmed on earlier occasions "state court judges are fully competent to handle them subject to Supreme Court review." *Bonner v. Circuit Court,* 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc), *cert. denied,* 424 U.S. 946, 96 S.Ct. 1418, 47 L.Ed.2d 353 (1976).

The fundamental reason a federal court cannot exercise jurisdiction in this case is found in the explicit prohibition of § 1341 which reflects the general policy of federal court nonintervention in state matters. 1A Moore's Federal Practice ¶ 0.207, at 2286 (2d ed. 1977).

---

538, 542 n. 6, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972); *Perez v. Ledesma,* 401 U.S. 82, 126–27, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971) (opinion of Brennan, J.). The same jurisdictional principles have been applied in suits brought under § 1983. *See Bland v. McHann,* 463 F.2d 21, 24 (5th Cir. 1972), *cert. denied,* 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 700 (1973); *American Commuters Ass'n v. Levitt,* 405 F.2d 1148, 1150–51 (2d Cir. 1969); *Evangelical Catholic Communion, Inc. v. Thomas,* 373 F.Supp. 1342, 1343–44 (D.Vt.1973), *aff'd,* 493 F.2d 1397 (2d Cir. 1974).

**3.** *See Guzman v. Western State Bank,* 516 F.2d 125, 132 (8th Cir. 1975). *See also Schroeder v. City of New York,* 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962); *Walker v. City of Hutchinson,* 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956); *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).