**UNITED STATES of America, Appellee,**

**v.**

**STATE OF MARYLAND and Louis L. Goldstein, Comptroller of the Treasury of the State of Maryland, Appellants.**

**No. 80–1298.**

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 3, 1980.

Decided Dec. 31, 1980.

Gerald Langbaum, Asst. Atty. Gen., Baltimore, Md., Richard E. Israel, Asst. Atty. Gen., Annapolis, Md. (Stephen H. Sachs, Atty. Gen. of Maryland, Baltimore, Md., on brief), for appellants.

Wynette J. Hewett, Tax Division, Dept. of Justice, Washington, D. C. (M. Carr Ferguson, Asst. Atty. Gen., Washington, D. C., Russell T. Baker, Jr., U. S. Atty., Baltimore, Md., Michael L. Paup, Richard Farber, Tax Division, Dept. of Justice, Washington, D. C., on brief), for appellee.

Before WINTER, SPROUSE and ERVIN, Circuit Judges.

PER CURIAM:

The State of Maryland appeals from an order granting summary judgment to the United States in a suit in which the United States sought and obtained a declaration that 4 U.S.C. § 113, as added by P.L. 95–67 (July 19, 1977), prohibits Maryland from levying state and local income taxes against members of Congress from states other than Maryland who reside in Maryland for the purpose of attending sessions of Congress. In addition to granting a declaratory judgment, the district court enjoined collection of Maryland income taxes.

Maryland interprets its tax laws to permit state and local taxation of any member of Congress who maintains a place of abode within the State for more than six

months of the taxable year. *See* Md. Code Ann., Art. 81, § 279(i). By its terms, 4 U.S.C. § 113 prohibits any state in which a member of Congress maintains a place of abode for the purpose of attending sessions of Congress from treating him as a resident of that state for income tax purposes.

Maryland argues that the United States lacks standing to bring this suit and that the Tax Injunction Act, 28 U.S.C. § 1341, deprived the district court of jurisdiction to grant declaratory or injunctive relief. On the merits, the State contends that Congress exceeded its power under the Constitution in enacting Public Law 95–67. Having considered the record of the proceedings below, the briefs, and the arguments of counsel before this court, we affirm for reasons sufficiently stated by the district court. *United States v. Maryland*, 488 F.Supp. 347 (D.Md.1980).

*AFFIRMED.*