666 F.Supp. 1479 (1987)
UNITED STATES of America, Plaintiff,
v.
STATE OF COLORADO; and Alan N. Charnes, Executive Director, Department of Revenue of the State of Colorado, Defendants.
Civ. A. No. 86-K-2120.
United States District Court, D. Colorado.
August 18, 1987.
*1480 Dahil D. Goss, Asst. U.S. Atty., Denver, Colo., and Michael C. Durney, Edward J. Snyder, Richard A. Correa, Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.
Anthony S. Trumbly, Asst. Atty. Gen., General Legal Services Section, Denver, Colo., for defendants.

MEMORANDUM OPINION AND ORDER
KANE, District Judge.
Plaintiff in this action seeks a declaration that it is not liable to pay gasoline sales taxes in the State of Colorado, an injunction restraining defendants from collecting such taxes and a refund of those taxes already paid by the Army and Air Force Exchange Service (AAFES) on purchases of gasoline for sale in exchange service stations on military reservations in Colorado. I assume jurisdiction in this action pursuant to 28 U.S.C. § 1345.
The AAFES operates as a joint military command of the Army and Air Force. It furnishes goods and services to military personnel and their families. These are provided at lower prices than those generally available to the normal consumer. The AAFES channels its profits back into military welfare and recreation programs.
Colo.Rev.Stat. § 39-27-101 et seq. imposes a general tax upon the sale and use of gasoline. The AAFES has paid this tax on its purchases of gasoline to date. It now alleges the terms of Colo.Rev.Stat. § 39-27-106 exempt it from the provisions of the taxing statute. It is claiming a refund on tax paid since October 1980. The amount allegedly in issue is in excess of $5 million.
The case comes before me now on three motions  defendants' motion to dismiss, defendants' motion for summary judgment and plaintiff's motion for summary judgment.
I point out at this inception that I have decided to dismiss without prejudice plaintiff's quasi-contractual claim for a refund of taxes paid. It is a clear prerequisite of such an action that defendants should have incurred some benefit at the expense of plaintiff. Here, however, at least a proportion, and possibly all, of the tax paid by the AAFES on gasoline purchased by it was passed on to the consumer. The law of restitution, to put it crudely, is designed to return to a plaintiff that which he has lost. It is not intended to facilitate the type of windfall plaintiff here anticipates. Plaintiff has adduced no evidence to sustain its claim to have suffered a quantifiable pecuniary loss as a result of the imposition of this tax. It is clearly not entitled to a refund of all the tax it has paid if such additional cost has been passed on to a class of unidentifiable consumers. It does claim that if the tax had not been imposed upon it, it should have made a greater profit over the six year period in question. If plaintiff thinks it can sustain proof of this loss, and I look forward to seeing how it intends to do so within the *1481 ambit of Rule 11, it may refile its claim for restitution but must plead the claim with particularity.
The motion to dismiss raises three questions. First whether the United States has standing to pursue the instant action. Second, whether the terms of 28 U.S.C. § 1341 bar the court from granting the relief sought, and finally whether the limitation provision, Colo.Rev.Stat. § 39-27-103 (1982) precludes recovery of the amounts claimed. The two summary judgment motions raise three further problems. Defendants argue plaintiff cannot bring itself within the terms of the exemption alleged. They further assert any valid claims plaintiff might have are barred by the doctrine of laches. Finally they claim any relief the court decides to facilitate should be prospective rather than retrospective.
Defendants submit two main contentions in support of their assertion that plaintiff suffers no injury as a result of the tax. First they claim the legal incidence of the tax under Colorado law falls upon the distributor rather than the retailer, such as the AAFES. I find this argument to be rhetorical in the extreme. Even if defendants are correct in their assertion that under the governing statute, the legal incidence of the tax falls upon the distributer, there can be little doubt that plaintiff still suffers cognizable injury because the cost of the gasoline it purchases is higher as a result of the imposition of the tax. This is the case even if the additional cost is passed on to the individual consumer. The up front payment for the gasoline being greater as a result of the tax along with the economic reality that the cheaper a product the greater the possibility of disposing of it in the market gives plaintiff standing to pursue the instant challenge. In Bacchus Imports, Ltd. v. Dias 468 U.S. 263, 267, 104 S.Ct. 3049, 3053, 82 L.Ed.2d 200 (1984) the Supreme Court decided the fact wholesalers passed a tax onto their customers did not deprive them of standing to challenge the tax. The wholesalers, the court held, had to pay the tax even if customers did not furnish payment for the goods. Further, they were entitled to litigate whether the tax had an adverse competitive impact upon their business. I see no basis for distinguishing this case from the instant one.
The next argument submitted by defendants is based on 28 U.S.C. § 1341 which precludes this court from interfering with state tax matters. The United States is exempt from the terms of this provision. Defendants seek to skirt this Chinese Wall by maintaining plaintiff has no real interest in the issues at stake and by claiming it is really seeking to protect the private interests of individual servicemen. I have already established the United States does have a real interest in the dispute. Accordingly this ground of challenge is rejected.
The final contention on the motion to dismiss relates to the question of limitations. Defendants argue the terms of Colo.Rev.Stat. XX-XX-XXX(3)(d) (1982) governs the matter. This provides an application for a refund of gasoline tax must be made within six months of the purchase of the gasoline. Plaintiff, however, contends the matter is governed by 28 U.S.C. § 2415(a) which imposes a six year limitation period.
This argument is obviously only of relevance with regard to the claim for a refund. It does not affect the question of plaintiff's right to seek declaratory or injunctive relief.
28 U.S.C. § 2415(a) provides:
every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or in fact, shall be barred unless the complaint is filed within six years after the right of action accrues.
Defendants' argument regarding the nonapplicability of this provision is that, again, the United States has no interest in the quasi-contractual claim. This is a substantive question. If the United States has a valid claim in quasi-contract, this provision governs the matter and plaintiff is not barred from pursuing the issue. If plaintiff is correct in its assertion it is exempt from the gasoline tax, the question whether *1482 it has such a claim is dependant upon proof of a material issue of fact, namely whether it has suffered financial loss as a result of the tax being imposed.
Accordingly, defendants' motion to dismiss the claims for injunctive and declaratory relief is denied.
The issues raised on the summary judgment motions begin with the basic question whether plaintiff is actually entitled to the exemption sought. Colo Rev Stat. XX-XX-XXX(1)(b) reads as follows:
[t]he tax imposed by this section shall be exempted on each record and reported sale by a distributer to the United States, or any of its agencies, and to any town, city, county, special district, or school district, when such sale involves a single delivery exceeding one hundred gallons.
Defendants' submit two arguments in favor of their contention that this provision does not in fact operate so as to exempt the plaintiffs from the tax in the instant context.
First, they claim the legislative intent behind the provision was that only gasoline sales to the United States for the latter's exclusive use were to be exempted from the scope of this section. This it asserts was not the case here. The only evidence adduced in favor of this proposition is that prior versions of the section contained suggestions to this effect. As plaintiff correctly points out, if anything this submission leans against defendants' contention. The decision of the legislature to exclude particularly a specification of this nature points to a determination on its behalf to abrogate rather than implicitly perpetuate it.
The second submission is equally misplaced. Defendants' claim 4 U.S.C. § 104(a) constitutes a waiver by the United States of any objection to imposition of state gasoline taxes when the fuel is not for the exclusive use of the United States. I can perceive no evidence to support this contention.
The second argument on the summary judgment motions is to the effect that plaintiff's claims are barred by the doctrine of laches. To this end defendants rely upon Marshall v. Intermountain Electric Company, Inc. 614 F.2d 260 (10th Cir. 1980). This decision in fact establishes that the United States is not subject to laches when it brings a claim to vindicate its own interests. I have already pointed out this action to be in the direct interests of the United States. The doctrine of laches is accordingly of no avail to defendants.
Defendants final contention relates to the question of prospective relief. They assert if this court decides to grant the relief sought, it should not do so retrospectively, as plaintiffs seek to have done.
Once again, this contention is only of relevance to the claim in quasi-contract. Because I have decided to dismiss without prejudice this ground of complaint, it is unnecessary to consider this argument.
Plaintiff's motion for summary judgment on its application for declaratory and injunctive relief is granted.
Accordingly it is ORDERED
1. Plaintiff's claim in quasi-contract is dismissed without prejudice.
2. Defendant's motion to dismiss claims for declaratory and injunctive relief is DENIED.
3. Defendant's motion for summary judgment is DENIED.
4. Plaintiff's motion for summary judgment is GRANTED on its application for injunctive and interlocutory relief.
5. Plaintiff's motion for summary judgment on its claim in quasi-contract is DENIED.