**UNITED STATES of America, Plaintiff,**

v.

**Duane BENTON, Director of Revenue, State of Missouri; Missouri Department of Revenue and State of Missouri, Defendants.**

No. 89–0608–CV–W–3.

United States District Court, W.D. Missouri, W.D.

Feb. 1, 1990.

E. Eugene Harrison, U.S. Attorney's Office, Kansas City, Mo., for plaintiff.

William Webster, Atty. Gen., James Deutsch, Deputy Atty. Gen., James McAdams, Asst. Atty. Gen., Mo., for defendants.

## MEMORANDUM OPINION AND ORDER

ELMO B. HUNTER, Senior District Judge.

The Court has pending before it a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b), Fed.R.Civ.P., and a Motion for Stay of Discovery filed by defendants Duane Benton, Missouri Director of Revenue; the Missouri Department of Revenue; and the State of Missouri. The facts of the case are as follows.

Olin Corporation ("Olin"), a private, for-profit government contractor, contracted with the Department of the Army to operate and maintain the Lake City Army Ammunition Plant (the "plant"), a government-owned facility manufacturing small arms ammunition. According to plaintiff, Olin purchases personal property necessary for the operation of the plant and is reimbursed by plaintiff for all such purchases pursuant to the contract. Plaintiff states that under the contract, title to all tangible personal property purchased by Olin passes to plaintiff upon delivery of the property by the vendors.

Plaintiff alleges that between November 3, 1985, and April 1, 1988, Olin made payments of Missouri sales and use taxes in the amount of approximately $862,000 on those purchases of tangible personal property which were made in its performance of the contract. On April 1, 1988, Olin ceased making payments of Missouri sales and use taxes on those purchases of personal property, contending that it purchased the property for the purpose of reselling it to the United States and that the Missouri sales taxes do not apply to such sales for resale.[1] Plaintiff further contends that because Olin does not store, use, or consume the tangible personal property it purchases pursuant to the contract, Missouri use taxes are not applicable. Finally, plaintiff asserts that Olin's holding of tangible personal property for resale to plaintiff is exempted from the Missouri use tax.[2]

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331[3] and 28 U.S.C. § 1345.[4] Plaintiff seeks the following relief:

(1) That this Court enter a judgment declaring that (a) the imposition, assessment, or collection by the defendants of sales taxes on those purchases by Olin of tangible personal property which are made in its performance of the Contract is unlawful, void, and of no effect because Olin purchased the property for the purpose of reselling it to the United States and the sales to Olin therefore were not retail sales within the purview of Mo.Rev.Stat. § 144.010.1(8) and (b) the imposition, assessment, or collection by the defendants of use taxes on all articles of tangible personal property purchased by Olin in its performance of the Contract is unlawful, void, and of no effect because Olin does not store, use or consume property within the meaning of

---

1. Mo.Rev.Stat. § 144.020.1(1) levies a tax "[u]pon every retail sale in this state of tangible personal property...." Mo.Rev.Stat. § 144.010.1(8) defines "sale at retail" to mean "any transfer ... of the ownership of, or title to, tangible personal property to the purchaser, for use or consumption and not for resale in any form as tangible, personal property...."

2. Mo.Rev.Stat. § 144.615(6) exempts from Missouri use tax "[t]angible personal property held by processors, retailers, importers, manufacturers, wholesalers, or jobbers solely for resale in the regular course of business."

3. 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the constitution, laws or treaties of the United States."

4. 28 U.S.C. § 1345 provides that "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."

Mo.Rev.Stat. § 144.610(1) and/or because Olin's holding of tangible personal property for resale to the United States is exempted from the use tax under Mo. Rev.Stat. § 144.615(6).

2. That this Court enter preliminary and permanent injunctions in favor of the plaintiff, the United States of America, enjoining the defendants, their successors in office, their employees, agents, attorneys, and all persons acting in concert with them who shall receive notice thereof, from assessing, imposing, or collecting the Missouri sales and use taxes, Mo.Rev.Stat. §§ 144.020 and 144.610, on purchases of tangible personal property made by Olin in its performance of the Contract.

3. That this Court order the defendants to refund to the United States of America, with interest, all sales and use taxes which have been paid to the State of Missouri on purchases of tangible personal property made by Olin in its performance of the Contract.

4. That this Court order that the plaintiff have its costs in this action and that this Court grant such other and further relief as is just and proper.

Defendants move to dismiss the action on the following grounds: (1) the federal government lacks standing to sue; (2) the action is barred by the Federal Tax Injunction Act, 28 U.S.C. § 1341; and (3) the Court should abstain on principles of comity.

### I. Standing

■ Defendants argue that plaintiff lacks standing to assert jurisdiction and therefore is not a proper party to this action. Specifically, defendants contend that plaintiff is merely bringing this suit on behalf of Olin and, consequently, plaintiff's complaint fails to allege a direct injury to plaintiff caused by defendants. In its suggestions in opposition to defendants' motion, plaintiff counters that it has suffered a direct pecuniary injury as a result of the imposition of Missouri sales and use taxes on Olin, because "[a]ny sales and use taxes assessed or imposed under Missouri law on Olin in its performance of the Contract have in the past and would be in the future paid from the funds of the United States in accordance with the provisions of the Con-

tract." Plaintiff's Complaint ¶ 15. The contract requires the federal government to reimburse Olin for all purchases of tangible personal property made pursuant to the contract.

The United States Supreme Court has identified the Article III requirements a plaintiff must meet in order to have standing. These requirements are: (1) an allegation of actual or threatened injury to the plaintiff; (2) the injury alleged by plaintiff must be fairly traceable to the action of the defendant that is challenged in the lawsuit; and (3) the injury alleged by plaintiff must be likely to be addressed by a favorable decision of the court. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982); *see Belles v. Schweiker,* 720 F.2d 509, 513 (8th Cir.1983).

The Court finds that the United States has alleged actual direct pecuniary injury resulting from its obligation to reimburse Olin for purchases of personal property made pursuant to the contract. *United States v. Commonwealth of Virginia,* 500 F.Supp. 729, 731 (E.D.Va.1980); *see Marquardt Corp. v. Weber County, Utah,* 360 F.2d 168, 171 (10th Cir.1966). The last two requirements for standing are also met in this case. Accordingly, the Court finds that the United States has standing to assert jurisdiction and is a proper party to bring this action.

Defendants argue that plaintiff lacks standing under *United States v. New Mexico,* 455 U.S. 720, 102 S.Ct. 1373, 71 L.Ed.2d 580 (1982). In *New Mexico* the United States brought an action challenging state taxation of three government contractors as violative of its constitutional tax immunity. The Supreme Court held that "tax immunity is appropriate only in one circumstance: when the levy falls on the United States itself, or on an agency or instrumentality so closely connected to the Government that the two cannot realistically be viewed as separate entities, at least insofar as the activity being taxed is concerned." 455 U.S. at 735, 102 S.Ct. at 1383, 71 L.Ed.2d at 592. In citing *New Mexico* defendants are confusing a jurisdictional issue with a substantive determination. The Supreme Court's restrictive holding in *New*

*Mexico* is relevant to a determination of whether a valid claim for relief has been stated. *New Mexico* is not relevant to the threshold question of standing.

## II. Tax Injunction Act

■ Defendants contend that plaintiff's action is barred by the provisions of the Tax Injunction Act, 28 U.S.C. § 1341, which provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

While § 1341 acts to bar a private litigant from challenging state taxation, *see Coon v. Teasdale*, 567 F.2d 820 (8th Cir.1977), it is well-settled that § 1341 is not applicable to suits by the United States challenging the constitutionality of a state tax being levied on the federal government or on one of its agencies or instrumentalities. *See United States v. State of Michigan*, 851 F.2d 803, 805 (6th Cir.1988).

Defendants assert that the United States is merely standing in the shoes of Olin, a private party, and is therefore barred from bringing this action by § 1341. A similar argument was rejected by the United States District Court for the District of Colorado in *United States v. State of Colorado*, 666 F.Supp. 1479 (D.Colo.1987). In *State of Colorado* the United States challenged the imposition of a state gasoline sales tax on purchases of gasoline for sale in exchange service stations on military reservations in Colorado. *Id.* at 1480. The defendants argued that the action was barred by § 1341 because the government was merely seeking to protect the private interests of individual servicemen. *Id.* at 1481. The district court dismissed this argument, having previously established the United States did have a real interest in the dispute. *Id.* Likewise, this Court has already determined that the United States is a real party in interest. The United States is not merely standing in the shoes of a

private party. Instead, the government has allegedly suffered a direct injury at the hands of defendants. Accordingly, this ground of challenge is denied.

Defendants further contend that the United States is exempt from 28 U.S.C. § 1341 only where it challenges state taxation on *federal constitutional grounds*. Defendants maintain that § 1341 acts to bar this action, because the United States has not alleged that the challenged state taxation violates the constitution. In support of this argument, defendants cite *United States v. Livingston*, 179 F.Supp. 9 (E.D.S.C.1959), *aff'd*, 364 U.S. 281, 80 S.Ct. 1611, 4 L.Ed.2d 1719 (1960). In *Livingston* the United States sought to enjoin the collection of state sales and use taxes upon the use of purchased materials at a government facility, claiming such taxation violated its constitutional immunity. The *Livingston* court concluded that § 1341 does not deprive a federal court of jurisdiction over an action by the United States in which the government seeks protection of its sovereign immunity from state taxation. *Id.* at 12. However, the court noted:

> Were the United States seeking to avail itself of an exemption or privilege granted by the state, we might, nevertheless, feel constrained to withhold action until the state courts decided the limits of the state's exclusionary grants. Here the sole question is whether or not the United States is the real purchaser and user of the purchased articles so as to make their purchase and use immune from state taxation. That question arises under the Constitution of the United States and its answer is not dependent upon the resolution of any question of state law. It is our duty to consider the federal question, and there is no basis for a remission of the plaintiffs to the state courts (citation omitted).

*Id.* Thus, the *Livingston* court indicated that an action brought by the United States challenging state taxation on purely state law grounds would be prohibited by § 1341.[5]

---

**5.** This Court has found only one other case which distinguishes between the type of claim raised by the United States for the purposes of § 1341. In *United States v. Montgomery County*,

*Maryland*, 761 F.2d 998 (4th Cir.1985), the United States attacked the constitutionality of a room rental law. The district court interpreted the state statute in a manner which completely

In the instant case, the United States has not alleged that the imposition of Missouri sales and use taxes infringes upon its constitutional immunity from state taxation. Defendants construe this case as involving only the interpretation of state law and argue that under *Livingston* the United States is barred by § 1341 from challenging the state taxation.[6] However, the Court finds that defendants have misconstrued the real issue involved in this case. Plaintiff counters, and the Court agrees, that "[t]he question in the present action is whether the contract provides that purchases made by Olin in its performance of the Contract are for the purpose of resale to the United States." Plaintiff's Suggestions in Opposition to Defendants' Motion to Dismiss at 3. The applicable Missouri statutes are unambiguous. It is the contractual relationship between the United States and Olin that lies at the heart of this case. Only by interpreting and construing that relationship can the Court determine

whether Missouri can lawfully require Olin to pay sales and use taxes on personal property purchased pursuant to the contract. The interpretation of a contract between the United States and another party is a federal issue. *United States v. Jackson County, Missouri,* 696 F.Supp. 479, 484 (W.D.Mo.1988). Thus, this case does not involve "interpretation or general application of state laws" or "an exemption or privilege granted by the state." *Livingston,* 179 F.Supp. at 11–12. It is not a case of "purely statutory construction." *Montgomery County, Maryland,* 761 F.2d at 1000. Instead, it involves an important federal question. Under these circumstances, the Court concludes that the United States is not barred by § 1341 from bringing this action in federal court.

The cases discussing the applicability of § 1341 are by no means clear with regard to the question of whether the United States is exempt from § 1341 only when it challenges states taxation on federal constitutional grounds.[7] However, the Court

avoided the constitutional question. *Id.* at 1000. The Fourth Circuit commented that § 1341 does not operate to bar the federal government from seeking relief from a state tax exaction on constitutional grounds. *Id.* However, the Fourth Circuit was disturbed by the fact that the district court's decision was based solely upon a construction of the state statute and not on constitutional grounds. The appellate court suggested that "[p]erhaps, applying the anti-injunction statute, the case should have been remitted to [state court] since, on either approach, [the district judge's] or [the county's], the tax was not levied on the United States." *Id.* The court concluded, however, that the fact the government initially challenged the statute solely on constitutional grounds spared the necessity of relitigating in state court. *Id.* at 1001.

6. Even if the Court viewed this case as raising only an issue of state law, that determination would not necessarily require dismissal of this action pursuant to § 1341. In *United States v. Commonwealth of Virginia,* 500 F.Supp. 729 (E.Va.1980), the district court held § 1341 did not bar an action brought by the United States in which only the construction of a state statute was at issue. In *United States v. State of Colorado,* 666 F.Supp. 1479 (D.Colo.1897), the district court rejected the defendant's § 1341 challenge even though the United States alleged only that a state statute exempted it from the provisions of a gasoline sales tax statute.

7. Several cases state the limited proposition "that § 1341 does not act as a restriction upon suits by the United States to protect itself and its instrumentalities from *unconstitutional* state ex-

actions" (emphasis added). *Department of Employment v. United States,* 385 U.S. 355, 358, 87 S.Ct. 464, 467, 17 L.Ed.2d 414, 417 (1966); *United States v. State of Michigan,* 851 F.2d 803, 805 (6th Cir.1988); *United States v. City of Pittsburgh,* 589 F.Supp. 179, 182 (W.D.Pa.1984), *rev'd on other grounds,* 757 F.2d 43 (3d Cir.1985); *United States v. State Board of Equalization,* 450 F.Supp. 1030, 1032 (N.D.Cal.1978). However, in each of these cases the United States challenged the state taxation on constitutional grounds. Other cases involve constitutional challenges to state taxation, but the courts used broad, general language when discussing the effect of § 1341. *See United States v. Anderson County, Tenn.,* 705 F.2d 184, 188 (6th Cir.1983) (§ 1341 "does not restrict the United States from access to the federal forum when it seeks to assert its own interest or that of its instrumentalities"); *United States v. Lewisburg Area School District,* 539 F.2d 301, 311 (3d Cir.1976) (§ 1341 "does not bar the United States from access to its own courts when it seeks to assert its own interest or that of its instrumentalities"); *United States v. City and County of Denver,* 573 F.Supp. 686, 688 (D.Colo.1983) (§ 1341 "does not exclude the United States from its own courts when it asserts its own interests"); *United States v. Dorgan,* 385 F.Supp. 349, 353 (D.N.D.1974) (§ 1341 "[is] not applicable where a United States plaintiff seeks to enjoin state tax proceedings"). Finally, at least two cases hold that § 1341 does not apply to any case filed by the United States because the statute does not specifically preclude actions by the sovereign. *United States v. Bureau of Revenue of State of New Mexico,* 291 F.2d 677 (10th Cir.1961); *United States v. Woodworth,* 170 F.2d 1019 (2d Cir.1948).

has found several cases in which the United States was allowed to challenge state taxation on grounds other than constitutional immunity. For example, it is well-settled that § 1341 does not apply to suits brought by the United States challenging state taxation of military personnel as violative of the Soldiers' and Sailor's Civil Relief Act, as amended, 50 U.S.C. App. § 574. *See United States v. County of Champaign, Illinois,* 525 F.2d 374, 376 (7th Cir.1975); *United States v. Arlington County, Commonwealth of Virginia,* 326 F.2d 929 (4th Cir.1964) (United States not subject to § 1341 where it in at has a proprietary interest); *United States v. Sullivan,* 270 F.Supp. 236, 240 (D.Conn.1967) (right of United States to sue as plaintiff in a federal district court is not limited by § 1341), *aff'd on other grounds,* 398 F.2d 672 (2d Cir.1968), *rev'd on other grounds,* 395 U.S. 169, 89 S.Ct. 1648, 23 L.Ed.2d 182 (1969).

In *United States v. City of Glen Cove,* 322 F.Supp. 149 (E.D.N.Y.), *aff'd,* 450 F.2d 884 (2d Cir.1971), the United States sought to enjoin the assessment of state taxes against property owned by a foreign nation, claiming the property was exempt from taxation pursuant to a federal treaty. The court rejected the defendant's argument that § 1341 precluded jurisdiction, stating broadly that "section 1341 has been held to be no bar to jurisdiction of suits instituted by the United States." *Id.* at 152.

In *United States v. State of Maryland,* 488 F.Supp. 347 (D.Md.), *aff'd,* 636 F.2d 73 (4th Cir.1980), *cert. denied,* 451 U.S. 1017, 101 S.Ct. 3005, 69 L.Ed.2d 388 (1981), the United States challenged the imposition of state income taxes upon a congressman residing in Maryland as violating 4 U.S.C. § 113. Although the United States did not challenge the tax as unconstitutional, the district court found that "the provisions of the Tax Injunction Act do not erect a jurisdictional bar to actions brought by the United States as plaintiff." *Id.* at 365.

In *United States v. Jackson County, Missouri,* 696 F.Supp. 479 (W.D.Mo.1988), the United States owned a Department of Energy (DOE) nuclear weapons components production plant. *Id.* at 481. Bendix managed, operated and maintained the DOE plant under contract with DOE. *Id.* The Jackson County Board of Equalization assessed manufacturing, inventory and equipment for the tax years 1979 through 1984 and assessed business and personal property for the same years. *Id.* at 483. The defendants asserted that the intent of Missouri law is to tax *any* interest in property and that the contract between DOE and Bendix created a possessory interest in Bendix. *Id.* at 483–84. The federal government challenged the assessment of taxes as prohibited by the United States Constitution and the laws of Missouri. The district court construed the contract as granting Bendix a mere license to operate the DOE plant and found that the contract did not convey a taxable interest in property to Bendix. *Id.* at 486. The court concluded that § 1341 was not a barrier to the action even though it resolved the question through interpretation of the contract and did not consider whether the challenged tax assessments violated the constitution. *Id.* at 483–86.

These cases support this Court's decision that § 1341 does not deprive the Court of jurisdiction in the instant case. None of the cases discussed above turned on a question of constitutional immunity, but each case did involve an important federal issue. Likewise, this case raises an important federal question. Although the United States is not challenging the state taxation on federal constitutional grounds, this case is not limited to a question of state law. In deciding that § 1341 does not bar the case at hand, however, the Court does not comment on whether § 1341 would in fact bar this action if it turned solely upon a question of state law.

The Court has considered all remaining issues raised in defendants' motion and finds that they do not warrant dismissal of plaintiff's complaint.

### III. Conclusion

It is hereby ORDERED

that defendants' Motion to Dismiss Plaintiff's Complaint is denied. It is further ORDERED

that defendants' Motion for Stay of Discovery is denied.

IT IS SO ORDERED.